IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE  DIVISION

WILLIAM D. SNYDER,

      Petitioner,

v.                             CASE NO. 1:13-cv-103-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on ECF No. 5, Petitioner's *pro se*

Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2254  (hereafter "Petition") .  The Petition stems from Petitioner's March

2009 *nolo contendere* plea to one count of lewd or lascivious conduct in

the presence of a person under age 16, for which Petitioner received a 15-

year sentence.   Respondent filed a response and an appendix with

relevant portions of the state-court record, and Petitioner filed a reply.  ECF

Nos. 15, Docs. 18, 23.  Petitioner has also filed a motion, ECF No. 20,

which the Court construes as a motion for leave to amend the petition to

assert new claims.  For the reasons discussed below, the motion is due to

be denied.  Upon due consideration of the Petition, the Response, the

Reply, and the state-court record, the undersigned recommends that the

Petition be denied.[1]

## I. State-Court Proceedings

Petitioner originally was charged in a three-count information with capital sexual battery on a person less than 12 years of age and two counts of lewd or lascivious molestation committed on a child under 12 years of age.  ECF No. 15-1 at 27, 31 (amended information).   On the day of trial, Petitioner entered into a plea agreement to plead *nolo contendere* to a second amended information charging him with one count of lewd or lascivious conduct committed in the presence of a child under 16 years of age.  ECF No. 15-1 at 33.

Petitioner's written plea petition, which he executed under oath, affirms that Petitioner told his trial counsel, Phaladya Dean, all of the facts and circumstances underlying the charges, and any defenses he believed he had.  Petitioner affirmed that he had discussed the charges with counsel and understood that by entering the plea he waived issues and defenses, and that he was satisfied with counsel's representation. Petitioner specifically affirmed that "[b]ecause I wish to accept the State's

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

plea offer, at my request and with my agreement, my lawyer has not fully investigated my case nor talked to all of the witnesses."  ECF No. 15-1 at 34.  Petitioner affirmed that he was entering the plea "freely, knowingly, intelligently and voluntarily," and that he believed the plea was in his best interest.  *Id*. at 35.  The plea agreement reflects that Petitioner and the State agreed to a sentence of 15 years.  *Id*. at 37.

During the plea colloquy, Petitioner acknowledged, under oath, that he understood the charge and that he faced a maximum sentence of 15 years.  Petitioner acknowledged the terms of the plea petition and agreement on the record, and denied that he was under the influence of any medicine that kept him from thinking clearly.  ECF No. 15-1 at 72. Petitioner acknowledged that he was waiving certain rights by entering a plea and that he understood he had the right to appeal only an illegal sentence.  *Id*.  The State offered the following factual basis:

> William Duane Snyder, in Levy County, Florida, on or about or between the dates of July 1st 2007 and August 13th 2007, being a person over the age of 18, specifically 64 years of age, did knowingly commit lewd or lascivious conduct on B.A., a person under 16 years of age, specifically nine years of age, by intentionally touching in a lewd or lascivious manner or by soliciting B.A., a person under 16 years of age, to commit a lewd or lascivious act, but without committing the crime of sexual battery, contrary to Florida Statute.

*Id*. at 73-74.  The Court found that the factual basis was adequate and accepted Petitioner's plea as freely, voluntarily, and knowingly given.  *Id*. at 74.

Petitioner appealed and his appointed public defender on appeal filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  ECF No. 15-1 at 79.  Petitioner was afforded an opportunity to file a *pro se* brief, but did not do so.   The First DCA affirmed *per curiam* without opinion. *Id*. at 91.

Petitioner filed a petition for a belated appeal arguing that he did not receive notice of his right to file a *pro se* brief on direct appeal and that he wanted to assert a *Miranda* claim.  *Id*. at 94-99.  The First DCA denied the petition on the merits without opinion.  *Id*. at 105.

Petitioner then filed motions for postconviction relief pursuant to Fla. R. Crim. P. 3.850.  His first motion was summarily dismissed with leave to file an amended motion as to one ground of ineffective-assistance.  *Id*. at 133-35.  Petitioner then filed an amended motion and supplements asserting nine claims for relief.  The state court denied relief on the merits without an evidentiary hearing.  ECF 15-2 at 51-56.  The First DCA affirmed *per curiam* without written opinion.  *Id*. at 131.

## II.  Petitioner's Federal Claims

The instant habeas petition, which Respondent concedes is timely,

followed.  Petitioner asserts three grounds for relief (1) his appointed trial

counsel was ineffective for failing to investigate his case; (2) his trial

counsel was ineffective for failing to investigate Petitioner's background

and possible defenses, including mental problems; and (3) his plea was

entered under "mental weakness."  ECF No. 5.

Plaintiff has also filed a "motion of complaints for DNA and medical

reports," in which he argues that if DNA testing or medical tests had been

performed on the victim, his granddaughter, it would have proven that the

victim was not telling the truth.  Petitioner argues that he was also denied

his *Miranda* rights before making an inculpatory statement to the police

that was recorded without his knowledge on a hidden tape recorder.  ECF

No. 20.  The motion was filed on March 30, 2016.  *See* ECF No. 20.  The

Court construes the motion as one for leave to amend the petition to assert

new grounds.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

provides a one-year period for a prisoner to seek federal habeas corpus

review of his conviction.  28 U.S.C. § 2244(d).  The one-year limitations

period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).  The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  However, the one-year limitations period is not tolled by the filing a federal habeas corpus petition. *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

In this case, while Petitioner's original habeas petition is timely the one-year limitations period expired during the pendency of this case. Because Petitioner's proposed new claims are facially untimely under the one-year limitations period, they are barred unless they "relate back" to his original petition.  *See* Fed. R. Civ. P. 15(c);  *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (§ 2255 case).  The new claim "will relate back and be considered timely if [it] 'arose out of the conduct, transaction, or occurrence' set forth in his original" petition.  *Davenport*,

217 F.3d at 1344.  For relation back to apply, the untimely claim must "have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceeding." *Id*.  Rather, the untimely claim "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id*.  Rule 15(c) is not "so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States*, 274 F.3d 1315, 1318 (11ᵗʰ Cir. 2001).  Thus, while the rule "contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." *Pruitt*, 274 F.3d at 1318.

Petitioner's original habeas corpus claims allege ineffective assistance of counsel and that his plea was involuntary due to mental weakness.  The new claims proposed in his motion, ECF No. 20, are wholly unrelated, and therefore the new claims do not relate back to the timely-filed petition.  Accordingly, Petitioner's motion, construed as one for leave to amend the petition, is due to be denied.

### III.  Standard of Review

The AEDPA imposes limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt v. Titlow,* ___ *U.S.* ___,  2013 WL 5904117, *4 (2013)(quoting  *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential").   This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights."   *Id*.   This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"   *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011).   "'If this standard is difficult to meet'—and it

is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786).  "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy."  *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel at trial, to raise a defense, and to confront his accusers.  *Boykin v. Alabama*, 395 U.S. 563, 573 (1989).  Further, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea, including claims of ineffective-assistance that do not attack the voluntariness of the plea.  *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973);  *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

In the guilty plea context, to show prejudice under *Strickland* Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas."  *Id*. at 58.  The inquiry as to whether a reasonable probability exists that a defendant would have

insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

## IV.  Discussion

### A.  Ineffective Assistance For Failing to Investigate

Petitioner alleges that trial counsel was ineffective by engaging in "little or no" pretrial investigation, presenting no witnesses, and not deposing potential State witnesses.  He alleges that counsel failed to subject the State's case to a "meaningful adversarial testing process."  ECF No. 5.  He alleges that his other granddaughter "could have given, or had possible credence testimony," and that the victim may have "confided truthfulness" to the other granddaughter.  *Id*.

On this record, the Court concludes that Petitioner's federal habeas corpus claims are foreclosed by his guilty plea.  Petitioner points to no evidence in the record from which the Court could conclude that his plea was anything but freely, knowingly, and voluntarily entered.  In fact, on this record the validity of the plea is not open to challenge.  The trial court made specific factual findings that the plea was freely, knowingly, intelligently, and voluntarily entered and that there was a factual basis to support the plea.  ECF No. 15-1 at 74.  The state court's findings as to the

validity of plea must be presumed to be correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C § 2254(e)(1).   Petitioner has come forward with *no* evidence that rebuts these findings.

Further, Petitioner acknowledged in his sworn plea petition that because he wished to accept the State's plea offer, "at my request and with my agreement, my lawyer has not fully investigated my case nor talked to all of the witnesses."  ECF No. 15-1 at 34.   Although Petitioner conclusionally asserts that counsel's performance "affected" his plea, he points to nothing in the record that would support a finding that his ineffective-assistance claim in fact implicates the validity of his plea.

Even if this claim implicated the validity of the plea, Petitioner has failed to show that counsel's performance was deficient.  In addressing this claim on postconviction review, the trial court found that Petitioner's counsel *did* perform a pretrial investigation, including taking depositions of witnesses, moving for the disclosure of confidential information by deposition, and providing Petitioner with CD's of the deposition testimony. ECF No. 15-2 at 53.  The state court addressed Petitioner's specific claim that counsel should have investigated and deposed his other granddaughter.  The court determined that Petitioner's claim that the victim

"may" have confided in the other witness and her statements "may have cast doubt" on his guilt were "based on nothing more than speculation and conjecture."  The court concluded that "[b]ecause [Petitioner] fails to allege that this witness had any actual knowledge of the relationship between [Petitioner] and the victim, this Court finds that counsel did not err by failing to investigate her.

Furthermore, [Petitioner] fails to show any prejudice."  *Id* at 53-54. Petitioner points to nothing in the record that undermines the state court's conclusions.  On this record, Petitioner has failed to show that the State court's rejection of his ineffective-assistance claim is contrary to or an unreasonable application of federal law.

## B.  Failure to Investigate Petitioner's Background

Petitioner's second ground for relief substantially overlaps his first, and again alleges that counsel did not "conduct a thorough investigation," and failed to "adequately prepare."  ECF No. 5 at 9.  For the reasons discussed above, claims pertaining to counsel's pretrial investigation of the charges and witness must be rejected.

Petitioner alleges in a sub-claim that counsel never discussed her strategy with him and adopted a "do nothing" strategy.  The state-court record does not reflect that Petitioner asserted this specific claim in his

postconviction motions. *See* ECF No. 15-2 at 51-56. Again, the Court finds that such claims were waived by Petitioner's valid guilty plea. Further, before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the

failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered.  *Id*. at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).  To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

This claim is procedurally defaulted, and Petitioner has failed to establish any cause or prejudice sufficient to overcome the default.

In another sub-claim, Petitioner contends that counsel failed to investigate a defense based on mental deficiency although counsel knew that he was on psychotropic medications because of mental illness. He alleges that counsel should have sought a competency evaluation.  He alleges that he suffers from organic brain damage, has a mental age of 7 years, and suffers psychotic episodes.  ECF No. 5 at 9-12.

Petitioner did not allege this claim as an ineffective-assistance claim in state court.  *See* ECF No. 15-2 at 51-56.  Accordingly, the claim is

procedurally defaulted and Petitioner has failed to establish any cause or prejudice sufficient to overcome the default.

In his state postconviction motion, Petitioner argued that his plea was involuntary because he was "unaware" that he was entering a plea. The state court rejected this claim as conclusively refuted by the record. As summarized above, the record of Petitioner's plea plainly supports the state court's finding that his plea was knowingly and voluntarily entered. And notably, the record reflects that Petitioner specifically denied under oath that he was taking any medication that would prevent him from thinking clearly. ECF No. 15-1 at 72. Petitioner points to no evidence in the record that rebuts the state court's factual finding that his plea was knowing and voluntary, a finding that is entitled to a presumption of correctness, nor does he point to any record evidence suggesting that counsel's performance was deficient in connection with his mental status during the plea. § 2254(e)(1). Petitioner's unsupported and self-serving allegations to the contrary are insufficient to rebut the presumption. This ground presents no basis for federal habeas relief.

## C.  Plea Entered Under Mental Duress

Petitioner's third claim reasserts the argument in state court that he was unaware that he was entering a plea.  He again claims that he was

under the influence of medication during the plea.  ECF No. 5 at 15-16.

Petitioner suggests that "[i]f this court were to review the transcript of the

plea and sentencing hearing it would also see that [Petitioner's] responses

show that he was not thinking clearly . . . that he was placed under a lot of

fear as well."  ECF No. 5 at 16.

This Court has reviewed the transcript of Petitioner's plea colloquy.

As summarized above, this Court concludes that the trial court's finding

that Petitioner's plea was freely, knowingly, and voluntarily entered is a

reasonable determination of the facts, that such determination is entitled to

a presumption of correctness, and that Petitioner has failed to rebut the

presumption by presenting clear and convincing evidence to the contrary.

28 U.S.C. § 2254(d)(2), § 2254(e).  Accordingly, Petitioner has failed to

show that this claim presents any basis for federal habeas corpus relief.

For the foregoing reasons, the Petition should be denied.

## V.  Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue

or deny a certificate of appealability when it enters a final order adverse to

the applicant," and if a certificate is issued "the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. §

2253(c)(2)."  A timely notice of appeal must still be filed, even if the court

issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED** that Petitioner's  "motion of complaints for DNA and medical reports," ECF No. 20, is **DENIED.**

It is respectfully **RECOMMENDED:**

The petition for writ of habeas corpus (ECF No. 5) should be **DENIED** and a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 21st  day of April 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.